THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Kiara Williams

---

| | |
|---|---|
| **KIARA WILLIAMS,** | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br>TRENTON |
| Plaintiff | |
| vs. | Civil Action No.:  -    ( - ) |
| **JACKSON TOWNSHIP**;<br>**MATTHEW D. KUNZ,** Chief of Police;<br>**JOHN DOES 6-10** (fictitious individuals),<br>Personnel of the Jackson Township Police<br>Department in supervisory capacities;<br>**BRIAN BARANYAY** and **JOHN DOES 1-5,**<br>members of the Jackson Township<br>Police Department, | **COMPLAINT** |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Kiara Williams, residing at 465 Meadow Road, 36 Forest Drive, Jackson, New Jersey, 08527, Ocean County, is and was, at all times herein relevant, a resident of the State of New Jersey.

3. Defendants Brian Baranyay and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Jackson Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Jackson Township and were acting under the color of law.

4. Defendants Chief of Police Matthew D. Kunz and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Jackson Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Jackson Township and were acting under the color of law.

5. Defendants Chief of Police Matthew D. Kunz and/or John Does 6-10 were acting in supervisory capacities over Defendants Baranyay and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Baranyay and/or John Does 1-5.

6. Defendant Jackson Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Jackson Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Matthew D. Kunz; Brian Baranyay and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On December 19, 2020, Jackson Township Police Officers Defendants Brian Baranyay and/or John Does 1-5 executed a "knock and announce" search warrant at Plaintiff's residence, which resulted in no items being confiscated. Plaintiff lived at 308 Daisy Court, Jackson, New Jersey, 08527 on the date of the incident. The search warrant specified that officers were required to knock and announce their presence before entering the residence.

2. Plaintiff's boyfriend left the residence by the front door and was immediately arrested and handcuffed by Defendants Baranyay and/or John Does 1-5. A friend of Plaintiff's boyfriend had been waiting for him outside at the time and was also arrested and handcuffed by Defendants.

3. Plaintiff saw her boyfriend being arrested and handcuffed from her upstairs window and she came downstairs to the front door.

4. Plaintiff was about to open the front door when Defendants Baranyay and/or John Does 1-5 rushed to the residence entrance and struck the front door with a battering ram. Defendants Baranyay and/or John Does 1-5 never knocked on the door or announced their presence before breaking in the front door, ignoring the search warrant's specific "knock and announce" requirement.

5. Defendants' unjustified entrance was captured on Plaintiff's "Ring" doorbell footage.

6. The battering ram broke the door and it swung open, striking Plaintiff's head and injuring her. Specifically, Plaintiff sustained a head laceration which began to bleed.

7. Defendants Baranyay and/or John Does 1-5 pointed their weapons at Plaintiff (*who was clearly unarmed, injured and requiring medical attention*) and demanded that she get on the ground.

8. Seeing that Plaintiff's head was bleeding, Defendants guided Plaintiff onto her couch and summoned an ambulance to render Plaintiff medical assistance. Defendants also brought Plaintiff's two children to sit on the couch.

9. The First Aid Squad arrived, examined Plaintiff and advised her to seek emergency room treatment.

10. Defendants Baranyay and/or John Does 1-5 searched the residence, causing property damage, and found no evidence of any contraband or criminal activity.

11. Defendants Baranyay and/or John Does 1-5 left Plaintiff's then left the residence and no criminal charges were filed against Plaintiff or her boyfriend.

## COUNT ONE
## SECTION 1983 UNLAWFUL SEARCH / SEIZURE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Baranyay and/or John Does 1-5 committed under color of state law were unjustified, without probable cause, reasonable suspicion or any other exception to the warrant requirements under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. The acts of Defendants (*specifically: (1.) ignoring the search warrant's "knock and announce" requirement; (2.) breaking down Plaintiff's front door with a battening ram, causing it to swing open and strike Plaintiff in the head and injuring her, and (3.) pointing weapons at Plaintiff, who was clearly unarmed, injured and requiring medical attention*) were in violation of Plaintiff's right to be free from unreasonable search and seizure of her person and effects under the Fourth Amendment of the Constitution of the United States, and the right to be free of the

deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, made actionable through 42 U.S.C. Section 1983.

4.  By reason of the above Plaintiff was deprived of her constitutional rights, sustained physical and emotional injuries, medical expenses, lost wages, property damage, and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendant Brian Baranyay and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 USE OF EXCESSIVE FORCE

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.   Defendants Baranyay and/or John Does 1-5 acting under color of state law used excessive and unreasonable force on Plaintiff's person, causing her bodily harm and depriving Plaintiff of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.  Specifically, Defendants Baranyay and/or John Does 1-5: (1.) ignored the search warrant's "knock and announce" requirement; (2.) broke down Plaintiff's front door with a battening ram, causing it to swing open and strike Plaintiff in the head and injuring her, and (3.) pointed weapons at Plaintiff, who was clearly unarmed, injured and requiring medical attention.

3.  As a direct and proximate cause of the Defendants' excessive, unreasonable and malicious use of physical force set forth above, Plaintiff sustained physical and emotional

injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

4. By reason of the above, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Baranyay and/or John Does 1-5 were Jackson Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Baranyay and/or John Does 1-5 had a duty to intervene in the unjustified entry and search of Plaintiff's residence and use of excessive and unreasonable force on her person by Defendants Baranyay and/or John Does 1-5.

4. The unjustified actions of Defendants Baranyay and/or John Does 1- 5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Baranyay and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified actions of Defendants Baranyay and/or John Does 1-10 and failed to intervene.

6. As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiff sustained physical and emotional injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Kunz and/or John Does 6-10 were supervisory officials and/or officers in charge on the date of the incident. Specifically, Defendant Kunz was the Chief of Police. As such, Defendants Kunz and/or John Does 6-10 were responsible for the department's Internal Affairs, Use of Force and Search and Seizure policies, practices, procedures and customs and also responsible for the training of Jackson Township police officers.

3. Defendants Kunz and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Baranyay and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Kunz and/or John Does 6-10 either directed Defendants Baranyay and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants Kunz and/or John Does 6-10 as set forth herein, Plaintiff sustained physical and emotional injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined. in connection with the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Kunz and/or John Does 6-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIVE
## SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Jackson Township, Jackson Township Chief of Police Matthew Kunz and/or John Does 6-10, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Jackson Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Kunz and/or John Does 6-10 are responsible for training Police Officers in the use of force and/or were officers in charge on the date of the incident.

3. At all times mentioned herein, Defendants Baranyay and/or John Does 1-5, as police officers, agents, servants and/or employees of Defendant Jackson Township, were acting under the direction and control of Defendants Jackson Township Police Department, Kunz and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Jackson Township Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Jackson Township, Kunz and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Kunz, Baranyay and/or John Does 1-5 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Jackson Township, Kunz and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Jackson Township, Kunz and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6. Defendants Jackson Township, Kunz and/or John Does 6-10 failed to adequately track departmental Internal Affairs complaints, administrative complaints and/or use of force incidents in violation of Jackson Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants Jackson Township, Kunz and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Kunz, Baranyay John Does 1-10, and/or other Jackson Township Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests and unlawful searches ans seizures, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

8. More specifically, Defendant Jackson Township's police officers and Defendant Chief of Police Kunz have a long history of being named in excessive force lawsuits and lawsuits alleging other violations of citizens' civil rights. Specifically, Defendant Jackson Township's police officers and Defendant Chief of Police Kunz have been named in at least 7 other lawsuits alleging excessive force and/or violations of citizens' civil rights: Parnell v. Jackson Township, et al., Case Number 21-19326 (FLW-DEA); Meza v. Jackson Township, et al., Case Number 18-15206 (ZNQ-DEA); Branen v. Jackson Township, et al., Case Number 16-03045 (BRM-DEA); Bell v. Jackson Township, et al., Case Number 14-6259 (MAS-LHG); Day v. Jackson

Township, et al., Case Number 10-04011(JAP-TJB); Pinto v. Jackson Township, et al., Case Number 10-04012 (FLW-TJB), and Ball v. Jackson Township, et al., Case Number 10-04254 (MLC-DEA).

9. Despite their awareness, Defendants Jackson Township, Kunz and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Baranyay; Kunz; John Does 1-10 and/or other Jackson Township Police Officers. Despite the several prior lawsuits filed against Defendant Chief of Police Kunz (*for tacitly approving the use of excessive force on citizens and/or unlawful searches and seizures by presiding over a flawed Internal Affairs process*) and other Jackson Township police officers alleging that they used excessive force on other citizens and violated citizens' civil rights:  (1.)  The department never made any policy changes in response to the prior lawsuits; (2.) Excessive Force lawsuits and Tort Claim Notices do not trigger Internal Affairs investigations, (3.) Excessive Force lawsuits and Tort Claim Notices in fact halt any sort of Internal Affairs investigations, and (4.) The department has no policy of tracking excessive force lawsuits filed against officers.

10. Defendants Jackson Township, Kunz and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Kunz; Baranyay and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants Jackson Township, Kunz and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12. Defendants Jackson Township, Kunz and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Kunz; Baranyay and/or John Does 1-10 heretofore described.

13. As a direct and proximate result of the acts of Defendants Jackson Township, Kunz and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

14. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above Plaintiff sustained physical and emotional injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Jackson Township, Matthew Kunz and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT SIX
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force, unlawful search and seizure, failure to intervene and failure to supervise by Defendants Kunz, Baranyay and/or John Does 1-10, set forth at length above,

deprived plaintiff of her substantive due process right to be free from unlawful seizure of her person and her fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendants Baranyay and/or Does 1-5, Plaintiff sustained physical and emotional injuries, property damage, medical expenses, lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Baranyay and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring her without justification and/or by putting her in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

4. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

5. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained permanent physical and

emotional injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT EIGHT
## NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Baranyay and/or John Does 1-5 had a duty to the plaintiff to not expose her to an unreasonable risk of injury.

3. Through the acts and omissions set forth at length above, Defendants Baranyay and/or John Does 1-5 breached that duty.

4. The acts of the Defendants were in violation of the common law of the State of New Jersey.

6. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

7. As a direct and proximate result of their breach of duty to plaintiff and negligence, Plaintiff sustained permanent physical and emotional injuries, property damage, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-5, on this Count together with compensatory and punitive damages,

attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT NINE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Baranyay and/or John Does 1-5 in their use of excessive force, their unlawful search and seizure and their assault and battery of Plaintiff were intentional, extreme and outrageous.

3. As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

4. The acts of the Defendants were in violation of the common law of the State of New Jersey.

5. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, Plaintiff Kiara Williams demands judgment against Defendants Brian Baranyay and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: March 22, 2022                    */s/ Thomas J. Mallon, Esquire*
                                          **THOMAS J. MALLON, ESQUIRE**